# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Michael Troy Olson,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal Case No. 04-398 ADM/FLN

---

Lisa D. Kirkpatrick, Esq., United States Attorney's Office, Minneapolis, MN.

Michael Troy Olson, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Michael Troy Olson's ("Olson") Motion for Writ of Audita Querela Pursuant to 28 U.S.C. § 1651 [Docket No. 104] (the "Motion"). For the reasons set forth below, Olson's motion is denied.

## II. BACKGROUND

Olson's criminal action has an extensive procedural history, and the facts and procedural posture of his case will not be repeated here. See United States v. Olson, No. 04-398, 2010 WL 5137415 (D. Minn. Dec. 10, 2010). Of particular relevance to Olson's current motion is former Judge James Rosenbaum's treatment of Olson as an armed career criminal under 18 U.S.C. § 924(e), which increased Olson's mandatory minimum sentence to 15 years and enhanced his sentencing range under § 4B1.4 of the United States Sentencing Guidelines. In his present motion, Olson requests a writ of audita querela in light of the Supreme Court's holding in

Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Court held any fact that increases the mandatory minium sentence for a defendant's crime must be found by the jury. See id. at 2160-63. As a result, Olson argues the jury in his case, instead of Judge Rosenbaum, should have decided whether Olson's past convictions qualified him for the § 924(e) sentence enhancement.

### III. DISCUSSION

Audita querela, meaning "the complaint having been heard," is an "ancient" writ allowing a party against whom judgment has been issued to challenge the judgment based on a new issue of law or fact. Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir. 2007); United States v. Ballard, 334 F. App'x 141, 143 (10th Cir. 2009); United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002). Although Rule 60(b) of the Federal Rules of Civil Procedure eliminated the writ of audita querela in civil litigation, there remains some uncertainty as to whether criminal defendants may seek the writ. See Jones v. Minn., No. 11-2501, 2011 WL 4947647, at *4 (D. Minn. Sept. 28, 2011), adopted by, 2011 WL 5248086; United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007).

Nevertheless, Courts have generally concluded that if the writ of audita querela is available to criminal defendants, the writ is only available to the extent it "fills in gaps in the current system of post-conviction relief." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Such "gaps" are rare, as a defendant may not invoke audita querela where his request for relief is cognizable under an existing form of post-conviction judicial review, including 28 U.S.C. § 2255. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2000); United States v. Johnson, 962 F.2d 579, 582 (7th Cir.1992); see also United States v. Feist, 346

2

F. App'x 127, 128 (8th Cir. 2009). A defendant may not overcome the restrictions against post-conviction review by simply invoking audita querela. See, e.g., Jones, 2011 WL 4947647, at *5 (citations omitted).

Because Olson's motion for a writ of audita querela requests a reduction in sentence based a new rule of constitutional law, it will be treated as a motion brought pursuant to 28 U.S.C. § 2255. Generally, when a constitutional ruling that might reduce a defendant's sentence is made retroactive by the Supreme Court, a defendant may seek a modification of his sentence through § 2255. 28 U.S.C. § 2255(h)(2).[1] As a result, no relief is available for Olson's motion for a writ of audita querela, as he does not seek a reduction in sentence based on a "gap" in the post-conviction judicial review system. Instead, Olson seeks relief squarely addressed by § 2255. Because he proceeds in this action pro se, the Motion will be liberally construed and treated as one seeking relief under § 2255.

As a second or successive motion under § 2255, Olson's request must be denied. When a defendant brings a second or successive § 2255 motion, he must first seek certification from the court of appeals before filing. Id. § 2255(h); see also 28 U.S.C. § 2244(3). Olson has previously filed at least five motions that either expressly sought relief under § 2255 or which were construed by the Court as seeking such relief. See Order, Aug. 15, 2008 [Docket No. 57]; Order, Nov. 6, 2008 [Docket No. 63], Order, Nov. 25, 2009 [Docket No. 77] (addressing two

---

[1] By construing § 2255 as applying in this instance, the Court does not hold that the Supreme Court intended Alleyne to apply retroactively. However, § 2255 is still the correct avenue by which to address Olson's request, even if his request would ultimately be denied on the merits. See, e.g., United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1062 (8th Cir. 2002) (holding in analogous case that denial on merits of § 2255 motion did not render § 2255 an inadequate or ineffective means of redress).

motions); Order, Dec. 10, 2010 [Docket No. 91] (construing two motions as single § 2255 petition); Order, Jan. 12, 2011 [Docket No. 94], Order, Mar. 28, 2011 [Docket No. 97]. The present request is a successive motion for which Olson has not obtained certification from the Eighth Circuit Court of Appeals. The Motion will thus be denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability. A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in the motion would be debatable among reasonable jurists.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Olson's Motion for Writ of Audita Querela Pursuant to 28 U.S.C. § 1651 [Docket No. 104] is **DENIED**. A certificate of appealability shall not issue.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 13, 2013